# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-06384 MMM (FMOx) | Date | November 4, 2009 |

| | |
|---|---|
| Title | *Spanish Hills Surgery Center, LLC v. Aetna Health of California, et al.* |

Present: The Honorable  **MARGARET M. MORROW**

| ANEL HUERTA | None |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **Order to Show Cause Why Action Should Not Be Remanded to State Court for Lack of Subject Matter Jurisdiction**; **Order Continuing Scheduling Conference**

### I. BACKGROUND

On July 13, 2009, plaintiff Spanish Hills Surgery Center, LLC ("Spanish Hills") sued defendants Aetna Health of California, Inc. ("AHC"), Aetna Life Insurance Company ("ALIC"), and certain fictitious defendants in Ventura Superior Court. Defendants removed the action to this court on September 2, 2009, asserting that it fell within the court's diversity jurisdiction under 28 U.S.C. §§ 1441 and 1332. In their notice of removal, defendants allege that Spanish Hills is incorporated in the state of California and is a citizen of the state.[1] Plaintiff's complaint, however, alleges that Spanish Hills is a limited liability corporation.[2] Defendants contend that ALIC is a Connecticut corporation with its principal place of business in that state, and that AHC is incorporated in and has its principal place of business in California.[3]

---

[1]Notice of Removal, ¶ 5.

[2]Complaint, ¶ 1.

[3]*Id.*, ¶¶ 6–7.

Defendants assert that the court should disregard AHC's citizenship as it has been fraudulently joined. They contend "there is no possibility that Plaintiff can establish liability against AHC."[4]

Spanish Hills alleges that it entered into an agreement with defendants to provide medical services and facilities to defendants' insureds,[5] and that defendants breached the agreement by failing to reimburse plaintiff for its services.[6] It pleads claims for breach of contract and a common count for services rendered. The complaint seeks damages of $724,626.96.[7] Spanish Hills alleges that, in performing the acts alleged, "each of the Defendants was the agent, employee and/or servant of each of the other Defendants."[8]

## II.  DISCUSSION

### A.    Legal Standards Governing Removal Jurisdiction

The right to remove a case to federal court is entirely a creature of statute. See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. See 28 U.S.C. §§ 1441(a), (b); see also 28 U.S.C. §§ 1331, 1332(a). Only state court actions that could originally have been filed in federal court may be removed. 28 U.S.C. § 1441(a); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart*, 592 F.2d at 1064). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

---

[4]*Id.*

[5]Complaint, ¶¶ 2–3, 5–7.

[6]*Id.*, ¶¶ 6–9.

[7]*Id.*, ¶¶ 7, 12–13.

[8]*Id.*, ¶ 5.

2

### B.     Whether This Case Was Properly Removed Under 28 U.S.C. § 1332

Defendants contend that this matter falls within the court's diversity jurisdiction under 28 U.S.C. § 1332. "[J]urisdiction founded on [diversity] requires that parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . ."). Federal courts have jurisdiction only where there is complete diversity: the plaintiff's citizenship must be diverse from that of each named defendant. 28 U.S.C. §§ 1332(a)(1), 1332(c)(1); see *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 n. 3 (1996); see also *Cook v. AVI Casino Enters., Inc.*, No. 07-15088, 2008 WL 4890167, *3 (9th Cir. Nov. 14, 2008) (Unpub. Disp.) ("We have jurisdiction only if Cook, a resident of California, has citizenship which is diverse from that of every defendant," citing *Lewis*, 519 U.S. at 68). Here, the amount in controversy requirement is satisfied, as Spanish Hills is seeking $724,626.96 in damages.[9] The court thus turns to the complete diversity requirement.

### 1.     Fraudulent Joinder

Defendants admit that "AHC appears to be a non-diverse Defendant."[10] They assert, however, that the court should disregard AHC's citizenship for purposes of assessing the existence of removal jurisdiction because AHC was fraudulently joined.[11] Specifically, defendants contend there is no possibility plaintiff can establish that AHC is liable for its purported loss.[12]
.

"It is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (citing *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 & n. 1 (9th Cir. 1988); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987)).  A non-diverse defendant is considered fraudulent and its citizenship may be disregarded "[i]f the plaintiff fails to state a cause of action against the [non-diverse] defendant, and the failure is obvious according to the settled rules of the state. . . ." *Hamilton Materials, Inc. v. Dow Chemical Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting *McCabe*, 811 F.2d at 1339).

"Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials*, 494 F.3d at 1206 (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

---

[9]*Id.*, ¶¶ 7, 12–13.

[10]Notice of Removal, ¶ 7.

[11]*Id.*

[12]*Id.*

Because courts must resolve all doubts against removal, a court determining whether joinder is fraudulent "must resolve all material ambiguities in state law in [the] plaintiff's favor." *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F.Supp.2d 1116, 1117 (N.D. Cal. 2002) (citing *Good v. Prudential*, 5 F.Supp.2d 804, 807 (N.D.Cal.1998)). Thus, "[i]f there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants[,] the court must remand." *Id.* See also *Good*, 5 F.Supp.2d at 807 ("The defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant"). Given these standards, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys.*, Inc., 141 F.Supp.2d 1005, 1008 (N.D. Cal. 2001).

Spanish Hills asserts its claims against the defendants collectively, making no distinction between claims against AHC and claims against ALIC.[13] Further, Spanish Hills contends that defendants acted as the "agent[s], employee[s] and/or servant[s]" of each other.[14] Under California law, plaintiff asserting a breach of contract claim must prove (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage resulting from the breach. *First Comm. Mort. Co. v. Reece*, 89 Cal.App.4th 731, 745 (2001). Reading the collective allegations of the complaint liberally, Spanish Hills pleads that it entered into a contract with AHC, that Spanish Hills performed under the contract, and that the contract was subsequently breached by AHC, resulting in damage to Spanish Hills.[15] Spanish Hills thus appears to have pled all of the necessary elements of a breach of contract claim against AHC.

In support of their assertion that AHC has been fraudulently joined, defendants allege that AHC is an HMO health care services plan that, except in cases of emergency, covers only services that are provided by health care providers that contract with AHC.[16] Defendants contend that AHC had no such agreement with Spanish Hills.[17] Defendants also assert that Spanish Hills does not provide urgent or emergency medical care, and that in combination, these circumstances preclude the possibility that there is any form of contractual relationship between Spanish Hills and AHC or any liability on the part of AHC for services provided by Spanish Hills.[18]

---

[13] Complaint., ¶ 2.

[14] *Id.*, ¶ 5,

[15] *Id.*, ¶¶ 3–10.

[16] Notice of Removal, ¶ 16(a).

[17] *Id.*, ¶ 16(c)

[18] *Id.*, ¶¶ 16(e)–(f).

The existence of a contract between AHC and Spanish Hills is an issue of fact, and defendants have not satisfied their heavy burden of showing that there is no possibility such a contract exists. See, e.g., *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (citing with approval the Fifth Circuit's decision in *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995) ("[F]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony" (citations omitted)). Nor have defendants shown that there is no possibility that Spanish Hills might have provided emergency services for which AHC is liable. *Id.* Finally, defendants have not demonstrated that AHC did not enter into a contractual relationship with Spanish Hills as an agent acting for an undisclosed principal, e.g., ALIC. See *Lippert v. Bailey*, 241 Cal.App.2d 376, 382-84 (1966). Accordingly, defendants have not met the burden required to establish the fraudulent joinder of AHC.

### 2. Citizenship of Spanish Hills

Even if defendants could meet their burden of establishing that AHC was fraudulently joined, they have not adequately established that there is complete diversity in this case because the citizenship of Spanish Hills has not been conclusively shown. While defendants' notice of removal states that Spanish Hills is a California corporation,[19] plaintiff's complaint alleges that Spanish Hills is a limited liability corporation.[20]

The Ninth Circuit treats limited liability corporations like partnerships for purposes of diversity jurisdiction. See *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (applying the standard used by sister circuits and treating LLCs like partnerships). Thus, "an LLC is a citizen of every state of which its owners/members are citizens." *Id.*; see also *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co*, 299 F.3d 643, 652 (7th Cir. 2002) (explaining that "the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); *Handelsman v. Bedford Vill. Assocs., Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000) (recognizing that "a limited liability company has the citizenship of its membership" (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)). Since defendants have proffered no evidence showing either that (1) Spanish Hills is not a limited liability corporation or (2) that none of Spanish Hills' members is a citizen of Connecticut, defendants have not adequately demonstrated that the court has subject matter jurisdiction even if AHC's citizenship is ignored.

---

[19] Notice of Removal, ¶ 5. Plaintiff's original complaint, however indicates that Spanish Hills is a limited liability corporation qualified to conduct business in California.

[20] Complaint, ¶ 1.

### III.  CONCLUSION

For the foregoing reasons, the court orders defendant to show cause on or before **November 10, 2009** why this action should not be remanded for lack of subject matter jurisdiction.  Failure to respond by **November 10, 2009**, will result in the immediate remand of the action to state court.  Plaintiff may file a response on or before **November 17, 2009**.  Pending the resolution of these jurisdictional questions, the court continues the scheduling conference set for **November 9, 2009** to **December 7, 2009 at 9:00 a.m.**